UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| In re PARKCENTRAL GLOBAL LITIGATION | § Civil Action No. 3:09-cv-00765-M <br> § <br> § ECF <br> § |
| This Document Relates To: <br><br> ALL ACTIONS. | § <br> § CLASS ACTION <br> § <br> § <br> § |

**MOTION FOR ORDER DEEMING DEBORAH BASH MULLEN WITHDRAWN PURSUANT TO HER NOTICE OF WITHDRAWAL OR, IN THE ALTERNATIVE, MOTION FOR VOLUNTARY DISMISSAL AND WITHDRAWAL AS NAMED PLAINTIFF PURSUANT TO RULE 41(a)(2)**

833487_1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................3

    A. Legal Standards Applicable ........................................................................................3

    B. Ms. Mullen's Good Faith Withdrawal Will Not Cause Defendants Any Prejudice ......................................................................................................................5

III. CONCLUSION .......................................................................................................................8

Plaintiffs hereby move for an order deeming Deborah Bash Mullen withdrawn as a named plaintiff pursuant to her Notice of Withdrawal (Dkt. No. 128), or, in the alternative, for voluntary dismissal of Ms. Mullen's claim and withdrawal of Ms. Mullen as a named plaintiff, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Although Ms. Mullen suffered losses as a result of misconduct perpetrated by defendants Steven L. Blasnik and Peter M. Karmin ("defendants"), has diligently served for nearly four years as a putative class representative, has responded to extensive discovery, and continues to have a good faith belief in the merits of the putative class' claims, she no longer desires to serve as a representative plaintiff in this action for personal reasons. The other named plaintiffs, Southern Avenue Partners, L.P. ("Southern Avenue") and Levine Capital Ltd. ("Levine Capital"), are willing to continue to represent the interests of the putative class. Ms. Mullen respectfully submits this motion without prejudice to her rights as a member of the putative class, and asks that her dismissal be granted without prejudice.

## I.     INTRODUCTION

On April 27, 2009, plaintiff Southern Avenue commenced this action, filing the initial complaint. Dkt. No. 1. Subsequently, on May 4, 2009, Levine Capital filed an identical action against the same defendants. The Court consolidated these actions on May 19, 2009. Dkt. No. 6. The plaintiffs then filed a consolidated class action complaint on August 19, 2009, in which Ms. Mullen was named as an additional plaintiff. Dkt. No. 13. Ms. Mullen continued to serve as a named plaintiff in subsequent amended complaints filed thereafter, including the operative complaint filed on October 20, 2010. Dkt. Nos. 56, 59.

On July 26, 2012 – almost three years since the filing of the first complaint naming Ms. Mullen as a plaintiff and over a year and a half since the filing of the operative complaint – the Court denied in part defendants' motion to dismiss, allowing certain claims to proceed. Dkt. No. 88. Shortly thereafter, discovery commenced. The initial discovery propounded upon Ms. Mullen

included 26 separate, broad and multifaceted requests for production of documents and 11 broad interrogatories. *See* Exs. 1-2 at App. 1-42. Ms. Mullen spent considerable time and effort participating in the response to each of defendants' discovery requests, including providing multiple supplemental responses as necessary and as demanded by defendants. Dkt. No. 105; Exs. 3-6 at App. 43-86. Finally, defendants noticed Ms. Mullen's deposition to be taken in Dallas, Texas.

Defendants also propounded discovery upon Ms. Mullen's financial advisor, Lee Financial Corporation ("Lee Financial"), which required Ms. Mullen to spend additional time and effort authorizing the production of documents containing her private financial information. Dkt. No. 111 at 12; Ex. 7 at App. 87-95. Defendants also noticed a deposition of Ms. Mullen's and Levine Capital's financial advisor, Lee Financial, pursuant to Rule 30(b)(6), in which defendants sought 14 multifaceted and broad categories, including extensive private financial information of Ms. Mullen's. Ms. Mullen also authorized Lee Financial to disclose significant private financial information during defendants' deposition of Lee Financial. Ex. 6 at App. 84.

On March 11, 2013, plaintiffs' counsel contacted defendants to cancel Ms. Mullen's scheduled deposition. On March 12, 2013, Ms. Mullen informed her counsel that she must withdraw as a named plaintiff and proposed class representative for personal reasons, including changes in her life circumstances too demanding in time and travel in which to monitor the litigation and continue her responsibilities as a proposed class representative. Plaintiffs' counsel thereafter responded to Ms. Mullen's request and in ordinary course and due to travel schedules filed Ms. Mullen's Notice of Withdrawal on April 1, 2013. Dkt. No. 128.

On March 29, 2013, defendants unilaterally noticed Ms. Mullen's deposition for April 17, 2013. Ex. 8 at App. 96-98. In response, plaintiffs' counsel immediately informed defendants' counsel that Ms. Mullen would be filing a Notice of Withdrawal, which occurred on April 1, 2013. Ex. 9 at App. 99. Despite this, on April 5, 2013, defendants informed plaintiffs that they intended to

proceed with Ms. Mullen's deposition on April 17 as unilaterally noticed. Ex. 10 at App. 100. Plaintiffs' counsel informed defendants' counsel multiple times that the deposition could not go forward. By separate motion filed contemporaneously with this motion, plaintiffs seek a protective order prohibiting further discovery of Ms. Mullen, including this deposition.

In subsequent communications between counsel for the parties, defendants contest Ms. Mullen's withdrawal as a named plaintiff and class representative by the filed notice, despite not having responded in any way to its filing. Because the parties could not agree that Ms. Mullen is withdrawn, plaintiffs hereby file this motion, as explained below. *See supra* §II.A.

## II.   ARGUMENT

### A.   Legal Standards Applicable

Rule 23(e) of the Federal Rules of Civil Procedure states, in pertinent part, that "[t]he claims, issues, or defenses of a ***certified class*** may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). Where, as here, a class has not yet been certified, withdrawal of a named plaintiff does not require court approval. *See, e.g.*, *Eckert v. Equitable Life Assurance Soc'y of the United States*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005) (plaintiff "need not obtain the Court's permission prior to withdrawing from the action"); *Glasow v. E.I. Dupont de Nemours & Co.*, 696 N.W.2d 531, 533 (N.D. 2005) ("the federal rules do not require the court's approval to withdraw"). Because Ms. Mullen has withdrawn only on behalf of herself and not any putative class, and there in fact is no certified class at this time, Ms. Mullen "need not obtain the Court's permission prior to withdrawing from the action." *Eckert*, 227 F.R.D. at 62.

Plaintiffs make this motion because defendants' counsel first refused to take a position whether Ms. Mullen's Notice of Withdrawal was "sufficient to 'withdraw' Ms. Mullen" (Ex. 10 at App. 100), and thereafter asserted Ms. Mullen cannot "unilaterally" withdraw, must file a motion pursuant to Rule 41(a) and that he intends to object to the Notice of Withdrawal. Ex. 14 at App. 104.

Plaintiffs believe that the position taken by defendants is incorrect, but have made the instant motion so that the Court may resolve this dispute economically without the potential of repeated motion practice. Accordingly, if the Court declines to deem Ms. Mullen withdrawn by her Notice of Withdrawal or otherwise to order that Ms. Mullen is withdrawn, plaintiffs seek withdrawal and voluntary dismissal of Ms. Mullen's claim under Rule 41(a)(2), which provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. *Doe v. Ariz. Hosp. & Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at *13 (D. Ariz. Mar. 19, 2009); *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2007 WL 3145052, at *2 (S.D. Ill Oct. 25, 2007).

Such voluntary dismissals sought in good faith are generally granted ""unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage."" *Doe*, 2009 WL 1423378, at *13 (quoting *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000)). Indeed, "[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to." *Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, No. 79 C 1512, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987); *In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004); *In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2004 WL 742084, at *1 (N.D. Ill. Apr. 7, 2004).[1]

---

[1] Although plaintiffs move for dismissal under Fed. R. Civ. P. 41(a), other cases have granted dismissal of a named plaintiff under Fed R. Civ. P. 15(a) (Amendments Before Trial) and Fed. R. Civ. P. 21 (Misjoinder and Nonjoinder of Parties). *See Ryan v. Flowserve Corp.*, No. 3:03-CV-1769-B, 2007 WL 924019, at *2 (N.D. Tex. Mar. 26, 2007); *Ceisler v. First Penn. Corp.*, No. 89-9234, 1991 U.S. Dist. LEXIS 6526, at *8 (E.D. Pa. May 13, 1991).

### B. Ms. Mullen's Good Faith Withdrawal Will Not Cause Defendants Any Prejudice

Ms. Mullen should be allowed to freely withdraw as a named plaintiff. Although Ms. Mullen has been a named plaintiff since August 2009, she no longer wishes to serve in a representative capacity in this action nearly four years later as circumstances in her life have changed. These changes challenge Ms. Mullen's ability to devote the necessary time and travel required of her as a named plaintiff.

Allowing Ms. Mullen's withdrawal "'is the appropriate and just approach if [she] does not wish to represent the class.'" *Doe*, 2009 WL 1423378, at \*13 (quoting *Neopharm*, 2004 WL 742084, at \*1); *Ryan*, 2007 WL 924019, at \*2; *Minority Vendors*, 1987 WL 8997, at \*1. Like the named plaintiff in *Doe*, "[t]he Court is not in a position to question Ms. [Mullen's] . . . personal situation, which is her stated reason for wishing to withdraw; certainly, the pressures and obligations of extended litigation would present challenges to many people." 2009 WL 1423378, at \*13.

Further, "because there are several other identified class representatives, and the class has not yet been certified, Defendants in this case will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative." *Id.*; *Will*, 2007 WL 3145052, at \*2. Defendants do not dispute this. Ex. 14 at App. 104 ("Defendants do not object to Ms. Mullen dropping her claims . . . ."). *Also compare* Ex. 16 at App. 106 ("What prejudice would defendants suffer by Ms. Mullen's withdrawal here? You have stated none. There is none."), *with* Ex. 17 at App. 107 ("I'm not going to waste any time responding . . . ."). Moreover, there is no prejudice to defendants as Ms. Mullen has already provided extensive responses to defendants' discovery thus far. *See supra* §I; Exs. 1-6 at App. 1-86.

There is also no prejudice to the putative class because Southern Avenue and Levine Capital can more than adequately represent the class in this action. They have suffered significant losses from the alleged misconduct, have served as named plaintiffs since the beginning of this action, have

- 5 -

833487_1

actively participated in the litigation, have responded to defendants' discovery requests, and have moved for class certification as class representatives. Dkt. No. 134 at 13-15; Ex. 6 at App. 85; *see In re Cincinnati Policing*, 214 F.R.D. 221, 222 (S.D. Ohio 2003) (granting motion to withdraw where other class representative was adequate to represent class). Allowing Ms. Mullen to withdraw now will also not cause any delay because Southern Avenue and Levine Capital intend to prosecute the action (and have since the filing of the notice of withdrawal). The case therefore will go forward just as quickly as if Ms. Mullen remained a named plaintiff. Indeed, the case is likely to proceed more quickly as defendants have no reason to take additional discovery of Ms. Mullen (although they seek to anyway). Ex. 6 At App. 85.

Although defendants have taken numerous positions and have not responded to a number of inquiries plaintiffs' counsel made in conferral, it appears defendants' primary goal in connection with Ms. Mullen's withdrawal is to subject Ms. Mullen to even more discovery. Ex. 14 at App. 104. After defendants' counsel demanded Ms. Mullen be dismissed with prejudice, plaintiffs' counsel offered to approach Ms. Mullen with that demand of defendants, but defendants ignored the offer. Ex. 16 at App.106. In extensive conferral, plaintiffs' counsel repeatedly asked defendants to provide a factual basis for seeking Ms. Mullen's deposition in light of her notice of withdrawal. Ex. 11 at App. 101. The only general basis provided was that Ms. Mullen verified allegations in the operative complaint (as required by Rule 23.1) and responded in discovery that she had "discoverable information" and "personal knowledge of the matters alleged." Ex. 12 at App. 102. Courts have repeatedly held that such demands are not legitimate conditions to withdrawal. *Ryan*, 2007 WL 924019, at *1 (denying defendants' request for discovery, including deposition, of withdrawing plaintiff); *Doe*, 2009 WL 1423378, at *14 (same); *Currency Conversion*, 2004 WL 2453927, at *2 (same); *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1992 WL 415382, at *6 (N.D. Ill. Nov. 5, 1992) (same); *Minority Vendors*, 1987 WL 8997, at *1 (Once withdrawn, former named plaintiff "should

be treated like any other non-representative class member. No further penalty may be placed on them for withdrawing from the litigation.").

Notably, in *Ryan*, defendants, represented by counsel representing defendants here, opposed the motion to withdraw and for a protective order, "insisting upon both dismissal of Plaintiff's claims with prejudice and an order that Plaintiff be subject to further discovery" related to class certification and other matters. *Ryan v. Flowserve Corp.*, No. 3:03-CV-1769-B, 2006 WL 7072323, at *1 (N.D. Tex. Aug. 3, 2006). The court held that "[b]ecause [plaintiff] does not seek to become a class representative upon certification of a class in this action, the Court GRANTS the Motion for a Protective Order." *Id.* Here, Ms. Mullen filed her Notice of Withdrawal prior to the motion for class certification made by the other plaintiffs in this case, and she did not in any way participate in the motion for class certification or otherwise seek representative status therein. In conferral, defendants conceded that there was no basis to seek Ms. Mullen's deposition for class certification discovery. *Compare* Ex. 16 at App. 106 ("You concede, do you not, that there is no longer a basis for class certification discovery of Ms. Mullen? There certainly is none."), *with* Ex. 17 at App. 107 ("Here, in contrast, Defendants request the deposition to explore Ms. Mullen's claimed personal knowledge of facts alleged in the Complaint.").

Given the presence of Southern Avenue and Levine Capital to continue the litigation, the lack of prejudice to the putative class and defendants, and the judicial economy achieved, the request of Ms. Millen to withdraw should be granted without conditions. As a result, Ms. Mullen would become one of the absent class members, giving no direction to the case but able to share in any recovery on the same terms as other class members. *See Minority Vendors*, 1987 WL 8997, at *1 (once withdrawn, former named plaintiff "should be treated like any other non-representative class member").

**III.     CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that Ms. Mullen be deemed withdrawn as a named plaintiff and class representative pursuant to her Notice of Withdrawal.  If the Court declines to deem Ms. Mullen withdrawn by Ms. Mullen's Notice of Withdrawal or otherwise to order that Ms. Mullen is withdrawn, plaintiffs respectfully request that the Court enter an order approving voluntary dismissal of Ms. Mullen's claim pursuant to Rule 41(a)(2) without conditions.

DATED:  April 17, 2013           Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES I. JACONETTE
FRANCIS A. DIGIACCO


            s/ FRANCIS A. DiGIACCO
            FRANCIS A. DiGIACCO

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
jamesj@rgrdlaw.com
fdigiacco@rgrdlaw.com

        JOEL M. FINEBERG, P.C.
        JOEL M. FINEBERG
        Texas Bar No. 07008520
        STUART L. COCHRAN
        Texas Bar No. 24027936
        6900 Dallas Parkway, Suite 200
        Plano, TX  75024
        Telephone:  214/219-8828
        214/828-8838 (fax)
        jfineberg@fineberglaw.com
        scochran@fineberglaw.com

        Co-Lead Counsel for Plaintiffs

        LEVINGER PC
        JEFFREY S. LEVINGER
        Texas Bar No. 12258300
        1445 Ross Avenue, Suite 2500
        Dallas, TX  75202
        Telephone:  214/855-6817
        214/855-6808
        jlevinger@levingerpc.com

        Liaison Counsel

CERTIFICATE OF CONFERENCE

    I, Francis A. DiGiacco, certify that on various occasions over the course of March 29, 2013 to April 15, 2013, the parties conferred regarding the relief requested in this motion, and defendants' counsel, Daniel Gold, indicated that defendants oppose this motion.

                                                                  s/ FRANCIS A. DiGIACCO
                                                                   FRANCIS A. DiGIACCO

CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2013.

s/ FRANCIS A. DiGIACCO
FRANCIS A. DiGIACCO

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  FDiGiacco@rgrdlaw.com

833487_1

## Mailing Information for a Case 3:09-cv-00765-M

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William L Banowsky**
  bill.banowsky@tklaw.com,jeannie.paris@tklaw.com,janice.graves@tklaw.com

- **Emily Westridge Black**
  emily.westridge@haynesboone.com,vicki.cook@haynesboone.com,sarah.mallett@haynesboone.com,timothy.newman@haynesboone.com

- **Stuart L Cochran**
  scochran@scochranlaw.com,tdavis@fineberglaw.com,scochran@fineberglaw.com

- **Francis A DiGiacco**
  fdigiacco@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com

- **Joel M Fineberg**
  jfineberg@fineberglaw.com,tdavis@fineberglaw.com,lhron@fineberglaw.com

- **Daniel H Gold**
  daniel.gold@haynesboone.com,sharon.lopez-ashby@haynesboone.com

- **James I Jaconette**
  jamesj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey S Levinger**
  jlevinger@levingerpc.com

- **Timothy R McCormick**
  timothy.mccormick@tklaw.com,susan.covington@tklaw.com

- **Barry Frank McNeil**
  barry.mcneil@haynesboone.com,willisd@haynesboone.com

- **Ellen A Presby**
  ellenpresby@nemerofflaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)