IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHERN AVENUE PARTNERS LP, et al., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 3:09-CV-765-M-BK |
| | § § | |
| STEVEN L. BLASNIK, et al., | § § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Court's order of referral (Doc. 153), Plaintiffs Levine Capital Ltd. and Southern Avenue Partners, LP's *Motion for Order Deeming Deborah Bash Mullen Withdrawn* (Doc. 140) is now before the Court. After considering the relevant pleadings and applicable law, it is recommended that the motion be **GRANTED**.

### BACKGROUND

This case arises out of the collapse of the Parkcentral Global hedge fund amidst the 2008 financial crisis. Plaintiffs, limited partners of Parkcentral, seek to recover their investment losses. Following the Court's orders of dismissal (Docs. 53, 88), only Plaintiffs' claims against Defendants Peter Karmin and Stephen Blasnik remain. Both are high-level employees of Parkcentral Capital Management, L.P. ("PCCM"), which was a general partner in, and operator of, the Parkcentral Global fund. Plaintiffs' remaining claims are for (1) breach of fiduciary duties by misrepresentation and non-disclosure, and aiding and abetting; (2) unjust enrichment; and (3) disgorgement of management and incentive fees and exemplary damages. *Id.* Plaintiffs' motion for class certification is pending. (Doc. 134).

Plaintiffs now move for an order deeming Deborah Bash Mullen withdrawn as a named

plaintiff, pursuant to her *Notice of Withdrawal as a Named Plaintiff and Proposed Class Representative* (Doc. 128), or, in the alternative, for voluntary dismissal of Mullen's claim and unconditional withdrawal of Mullen as named plaintiff, pursuant to Federal Rule of Civil Procedure 41(a)(2).  (Docs. 140, 161).  Plaintiffs aver that they seek court intervention only because Defendants refuse to accept the sufficiency of Mullen's notice of withdrawal.  (Doc. 128; Doc. 140 at 9).  Plaintiffs argue that because (1) there is not yet a certified class, and (2) Mullen noticed withdrawal as a named plaintiff only on her own behalf and not that of any putative class, she does not need the permission of the Court to withdraw from this action.  (Doc. 140 at 5).  Plaintiffs aver that Mullen wants to "become an absent class member, giving no direction to the case but able to share in any recovery on the same terms as other [future] class members." *Id.* at 9.  They argue in the alternative, that if Mullen cannot be withdrawn as a named plaintiff pursuant to her notice of withdrawal, the Court should enter an order approving voluntary dismissal of Mullen's claims under Rule 41(a)(2) without any conditions.  *Id.* at 3, 6, 10.  In support of their motion, Plaintiffs assert that Mullen's withdrawal is in good faith, and is driven by changes in her personal circumstances which impact her "ability to devote the necessary time and travel required of her as a named plaintiff." *Id.* at 7.

Plaintiffs further assert that Defendants will not be prejudiced by Mullen's withdrawal "because there are several other identified class representatives . . . the class has not yet been certified," and Mullen has already complied with previous discovery requests.  *Id.*  They argue that there is "no prejudice to the putative class because Southern Avenue and Levine Capital can more than adequately represent the class in this action," and aver that this action may proceed more expeditiously because Defendants would not have to request additional discovery from Mullen. *Id.* at 8. Finally, Plaintiffs argue that the fact that Mullen filed her Notice of

Withdrawal a week before the remaining Plaintiffs filed their Motion to Certify Class is evidence that she has not, and does not intend to, participate as a named class representative. *Id.* at 9.

Defendants dispute that Mullen is attempting to withdraw as a representative plaintiff in good faith. (Doc. 157 at 8-12). They argue that Mullen has produced very little meaningful information in response to Defendants' discovery requests, and has avoided Defendants' efforts to depose her. *Id.* Defendants also contend that any dismissal of Mullen as a party should be with prejudice because she lacks standing, a situation she cannot cure.[1] (Doc. 157 at 29-30).

## DISCUSSION

As Plaintiffs correctly assert, Rule 23(e) is inapplicable here. It provides that "claims, issues, or defenses of a *certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23(e) (emphasis added); *see also Eckert v. Equitable Life Assurance Society of U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005) (finding that a putative class member did not need court approval to withdraw, citing Advisory Committee Notes that the 2003 amendment of Rule 23 made clear that court approval is not required for the voluntary compromise or dismissal of putative class claims, only those of a certified class). The Court has not granted class certification in this case.

Likewise, Rule 41(a) is inapplicable under the facts and circumstances here. That rule provides that unless a plaintiff moves for dismissal before an opposing party has answered or filed a motion for summary judgment, or unless all parties stipulate to dismissal, "an *action* may be dismissed at the plaintiff's request only by court order, on terms that the court considers

---

[1] Defendants also request that, as a condition of being permitted to withdraw, Mullen be ordered to appear for deposition, as previously noticed, and comply with other pending discovery requests. (Doc. 157 at 30). Conversely, Plaintiffs have separately moved for an order of protection. (Doc. 142). *Plaintiffs' Motion for Protective Order Prohibiting the Deposition of Withdrawn Plaintiff Deborah Bash Mullen and Other Existing "Contention" Type Discovery* is addressed in a separate order.

proper." FED. R. CIV. P. 41(a). In this case, Mullen is not seeking to dismiss the action or any pending claims, only to remove herself as a named plaintiff and potential class representative. Indeed, her request to be included as an absent class member should the Court grant class certification suggests that she is not seeking the dismissal of this action. Thus, under a plain reading of Rule 41(a), court approval of her withdrawal as a named party is not required. Defendants have not offered any authority to the contrary.

Defendants express concern that Mullen may attempt to sue again once she has withdrawn her claims. (Doc. 157 at 29). Nevertheless, that scenario appears implausible in light of the age of the claims advanced in this suit and Defendants' strong position that Mullen lacks standing. (Doc. 157 at 29-30). Moreover, should the Court grant class certification, Mullen will be bound by the result of the lawsuit and prohibited from pursuing the same claims against Defendants. FED. R. CIV. P 23(c)(2)(B)(vii).

This Court has previously confronted a similar issue as the one presented in this case. In an unpublished opinion, District Judge Jane Boyle granted a plaintiff's request for leave to withdraw as a named plaintiff and instead become an absent class member. *See Ryan v. Flowserve Corp*, No. 3:03-CV-1769-B, 2007 WL 924019, at *2-*3 (N.D. Tex. Mar. 26, 2007) (Boyle, J.). As is the case here, the moving plaintiff had not sought class certification. *Id* at *2. Although Judge Boyle granted dismissal under Rule 21[2] (misjoinder/non-joinder of parties), her findings are nonetheless instructive. She held that "[a]bsent a good reason, . . . a plaintiff should not be compelled to litigate if it doesn't wish to." *Id.* (quoting *Organization of Minority Vendors, Inc. v. Illinois Central–Gulf R.R.*, No. 79 C 1512, 1987 WL 8997 * 1 (N.D.Ill. April 2, 1987)) (notwithstanding the failure to state their reasons for wanting to voluntarily withdraw as

---

[2] The moving plaintiff claimed that because it did not suffer a particular type of losses that another plaintiff would be better suited to represent the class. *Ryan*, 2007 WL 924019 at *2.

representative plaintiffs, parties were permitted to do so where others remained present to represent the class). Although somewhat procedurally different, the reasoning of *Ryan* also supports Mullen's request that the Court recognize her notice of voluntary withdrawal and deem her withdrawn as a named party to this action.

## CONCLUSION

Accordingly, Plaintiffs' *Motion for Order Deeming Deborah Bash Mullen Withdrawn* (Doc. 140) should be **GRANTED.** The Court should instruct the parties that Mullen is deemed withdrawn as a named party in this case upon the filing of her notice of withdrawal, and that said withdrawal is without prejudice to her future participation as an absent class member, should the Court grant class certification.

**SO RECOMMENDED**, August 12, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE